UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ELMUIZ ABDU,**

        **Petitioner,**

**v.**                                                           **Civil Action No. 2:18-cv-592**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

        **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Elmuzi Abdu's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("the Petition"), ECF No. 1, and Respondent, Harold W. Clarke, Director, Virginia Department of Corrections' ("Respondent") Motion to Dismiss the Petition for Writ of Habeas Corpus. ECF No. 10. The matter was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

1

I.     FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2000, Petitioner pled guilty in the Circuit Court of Fairfax County, Virginia ("Trial Court") and was convicted of Murder. ECF No. 9, attach. 1 at 34. On May 3, 2001, Petitioner was sentenced by the Trial Court and is currently serving a thirty-one-year sentence. *Id.* Petitioner is incarcerated at Deerfield Correctional Center, a facility owned and operated by the Virginia Department of Corrections ("VDOC"). *Id.* In the matter before the Court, Petitioner challenges the calculation and application of his good time credit for 439 days, for the period between June 4, 2000, and August 17, 2001, when he was incarcerated in the Fairfax County Adult Detention Center ("Fairfax County Jail"). ECF No. 1 at 3; ECF No. 9, attach. 1 at 34.

Petitioner filed a § 2254 Writ of Habeas Corpus with the Trial Court on April 1, 2016, claiming that Petitioner had not been given earned good time credit for 439 days of time as required by Va. Code §§ 53.1-116 and -202.2.[1] ECF No. 9, attach. 1 at 7, 12. On May 27, 2016, the Trial Court dismissed Petitioner's state habeas petition, finding that Petitioner had been appropriately credited with the good time credits he was owed. *Id.*, attach. 1 at 44-45. On July 28, 2016, Petitioner appealed to the Supreme Court of Virginia alleging that the Trial Court erred in denying Petitioner's state habeas petition. *Id.*, attach. 2 at 3-15. Specifically, Petitioner argued that the Trial Court erred by: (1) entertaining Respondent's motion to dismiss the petition and rejecting Petitioner's response to the motion to dismiss; (2) failing to provide Petitioner with the same opportunity given to Respondent in filing their motion to dismiss; and (3) failing to provide an evidentiary hearing. *Id.*, attach. 2 at 6. On March 23, 2017, the Supreme Court of

---

[1] Although Petitioner indicates his in Petition that his state habeas petition to the Trial Court was grounded in Virginia Code §§ 53.1-32.1, -116, -189 thru -202.4, and Operating Procedure 830.3, ECF No. 1 at 3, Petitioner's state habeas petition actually only lists §§ 53.1-116 and -202.2 as a basis for his claim, ECF No. 9, attach. 1 at 7.

2

Virginia found that the Trial Court committed no reversible error and refused Petitioner's state habeas petition. *Id.*, attach. 2 at 19.

Petitioner filed a *pro se* Section 2254 petition for federal habeas relief in the United States District Court for the Western District of Virginia on October 30, 2017. ECF No. 1. Giving Petitioner the benefit of liberal construction, Petitioner appears to allege a similar claim to that alleged in his state habeas, namely, that he was denied good conduct time. However, Petitioner does not base this denial on a violation of the Virginia Code, but rather couches his instant claim as a due process violation.[2] *Id.* at 3, 5. Petitioner states that Respondent acted improperly in calculating his good time credit while in Fairfax County Jail under the new 85% law, when it should properly be calculated under prior law. ECF No. 1 at 14. On April 16, 2018, Respondent filed a Rule 5 Answer, *Roseboro* Notice, Motion to Dismiss, and Memorandum in Support of Motion to Dismiss. ECF Nos. 9-12. Petitioner requested additional time to respond to Respondent's Motion to Dismiss, ECF No. 13, which the Court granted, giving Petitioner until May 22, 2018, to file a response, ECF No. 14. On May 25, 2018,[3] Petitioner filed an opposition

---

[2] Petitioner only provided one ground for relief, which is captioned "[t]he ability to earn good time is too speculative to call for due process protections" and states in the supporting facts and law that "the Constitutional right to deprivation of good time requires due process protections where the relevant statutes or regulations sufficiently limit prison officials' discredit in taking or not providing petition with the earned good time credit is a deprivation of liberty even if statutes and regulations do not limit discretion to take it away." ECF No. 1 at 5. Petitioner does not state any facts to support his claim and his ground is also not terribly clear. However, giving Petitioner the benefit of liberal construction, the Court construes Petitioner's Ground One to be a claiming a due process violation as supported by the facts detailed in Petitioner's opposition. ECF No. 15.

[3] Although the Petitioner's opposition was not received and filed by the Clerk's Office until May 25, 2018, three days after it was due, the undersigned affords Petitioner the benefit of the "prison mailbox rule," which deems prisoner court filings to be "filed" as of the date that the documents are given to prison authorities for mailing. ECF No. 15; *see Houston v. Lack*, 487 U.S. 266, 276 (1988) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Booker v. Clarke*, No. 1:15CV781, 2016 WL 4718951, at *4 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) ("For federal purposes, a pleading submitted by an incarcerated litigant acting *pro se* is deemed filed when it is delivered to prison officials for mailing."). Here, the Certificate of Service affixed to the Petition bears a signature date of May 18, 2018. *See* ECF No. 1 at 4. Therefore, Petitioner's opposition has been timely filed.

3

to Respondent's Motion to Dismiss. ECF No. 15. Respondent filed no reply and the time for doing so has expired. Thereafter, on November 8, 2018, the United States District Court for the Western District of Virginia found that proper venue exists in the Eastern District of Virginia and transferred Petitioner's case to this Court for resolution. ECF Nos. 16-17. Accordingly, Respondent's Motion to Dismiss, ECF No. 10, is ripe for recommended disposition.

## II. DISCUSSION

In the instant matter, Petitioner contests the calculation of good time credit for 439 days he served in Fairfax County Jail between June 4, 2000, and August 17, 2001. ECF Nos. 1 at 3 and 11 at 2. Specifically, Petitioner appears to contend that the calculation of his good conduct time amounts to a violation of Petitioner's Fourteenth Amendment due process right. ECF No. 1 at 5. Petitioner further elaborates by stating "the United States Constitution itself does not create a protected liberty interest for prisoners earning good conduct credits. Yet, state laws, as well as the Constitution, can create protected liberty interests under the Fourteenth Amendment." ECF No. 15 at 3. Thus, the Court construes Petitioner's Ground One to be alleging a violation of Petitioner's due process rights.

A. <u>Statute of Limitations</u>

Before the Court can consider the merits of a Petitioner's claim it must ensure Petitioner has complied with procedural requirements for federal habeas review. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation within which a petition must file a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d) provides:

4

> 1. A 1-year period of limitation shall apply to any application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner now challenges the execution of his sentence rather than the judgement of conviction. Therefore, § 2244(d)(1)(D) determines the date upon which the limitations period begins to run. *See Karim v. Pearson*, 2017 U.S. Dist. LEXIS 121976, at *8 (E.D. Va. Aug. 1, 2017). Thus, the date on which the statute of limitations began to run for Petitioner's due process claim for improper calculation of his good time credit is the date Petitioner could have discovered, through the exercise of reasonable diligence, that VDOC made the alleged improper calculation of Petitioner's good conduct time.

It is not entirely clear from the record presently before the Court when Petitioner could have, with reasonable diligence, discovered the alleged miscalculation of his good time credit for the time he served in Fairfax County Jail between June 4, 2000, and August 17, 2001, that serves

as the factual basis for his Petition. However, even giving Petitioner the benefit of the date he received a January 28, 2016 letter from VDOC responding to Petitioner's inquiry about the calculation of his good conduct time—a date when Petitioner clearly knew of the alleged miscalculation—Petitioner has exceeded the one-year statute of limitations under AEDPA. ECF No. 1, attach. 1 at 1. Petitioner made a "written inquiry . . . regarding [Petitioner's] time computation and projected release date," which VDOC responded to by way of written correspondence on January 28, 2016, explaining VDOC's calculation and how those calculations relate to Petitioner's good time credit and projected release date. *Id.* Since it is clear that Petitioner was, in fact, aware of the alleged good conduct time miscalculation at least as early as January 28, 2016, Petitioner would have had one-year from that date to file a habeas petition alleging his instant claim.[4] Thus, to be timely under AEDPA, Petitioner would have had to file the instant Petition by January 28, 2017. The instant Petition was filed on October 30, 2017, approximately nine months after Petitioner's deadline to file had passed. ECF No. 1.

Notably, Petitioner is not entitled to the grace period provided by § 2244(d)(2) because Petitioner's state habeas petition was not "with respect to the pertinent judgment or claim [that] is pending." As discussed *supra*, while the underlying factual basis serves as the foundation for both Petitioner's state and federal claims—i.e., the alleged denial of good conduct time—the state law claims Petitioner made in his state habeas petition are dissimilar from the constitutional

---

[4] Notably, Respondent appended several documents to its Rule 5 Response, ECF No. 9, including Petitioner's state habeas petition filed with the Trial Court, ECF No. 9, attach. 1 at 3-13. Additional documents appear immediately following Petitioner's state habeas petition and supporting memorandum and it is unclear to the Court whether these documents were exhibits appended by Petitioner to his state habeas petition. These documents include the January 28, 2016 letter from VDOC responding to Petitioner's inquiry, *id.* attach. 1 at 14, and a September 16, 2009 VDOC Legal Update showing Petitioner's good time credit and his projected release date. Because it is unclear whether Petitioner was in possession of the September 16, 2009 Legal Update, the Court declines to utilize this document as evidence that Petitioner was aware of his good time credit calculation, and the alleged miscalculation, as of that date.

claims Petitioner is presently asserting.[5] Thus, the undersigned **FINDS** that Petitioner filed the instant Petition outside the statute of limitations set by AEDPA, and therefore, the Court may not consider the merits of the Petition.

### III. RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED AND DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S.

---

[5] As noted. Petitioner's state habeas petition alleged Respondent miscalculated his good conduct time under the Virginia Code. The instant federal petition alleges Respondent's good conduct time calculation violated Petitioner's constitutional due process rights, a substantially different claim.

7

140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and counsel of record for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
January 31, 2019

/s/
Lawrence R. Leonard
United States Magistrate Judge