# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

ELMUZI ABDU,

                Petitioner,

v.                                                           ACTION NO. 2:18cv592

HAROLD W. CLARKE,
Director Virginia Department of Corrections,

                Respondent.

## **FINAL ORDER**

Petitioner, a Virginia inmate proceeding *pro se*, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Giving the Petitioner the benefit of liberal construction, the Petition alleges a violation of his Fourteenth Amendment right to due process resulting from an alleged improper calculation of his good conduct time for 439 days he served in the Fairfax County Adult Detention Center between June 4, 2000, and August 17, 2001. *Id.* at 3, 5; ECF No. 9, attach. 1 at 34.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report and Recommendation filed January 31, 2019, recommends dismissal of the petition as barred by the federal statute of limitations. ECF No. 18. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. *Id.* at 7. On February 13, 2019, the Court received Petitioner's objections to the Report and Recommendation. ECF No. 19.

In the objections, Petitioner raises several new arguments related to timeliness. First, Petitioner argues the period of time from January 28, 2016—the date the United States Magistrate Judge determined the AEDPA statute of limitations began to run[1]—to the date Petitioner filed his state habeas petition was only 63 days, he filed his state habeas petition timely, and argues that limitations period should have been statutorily tolled after that filing. ECF No. 19 at 4, 7; *see also* ECF No. 18 at 6 (Giving Petitioner the benefit of January 28, 2016, a date on which Petitioner actually knew of the alleged good time credit miscalculation because he received a letter from VDOC on that date in response to an inquiry about the same). Second, Petitioner argues that, even if the Court were to add up the intermittent periods between January 28, 2016,[2] and October 30, 2017,[3] during which no court was actively considering his habeas action, that period would only be a collective 346 days, which is less than one year under AEDPA's limitations period. ECF No. 19 at 7-8. Third, Petitioner alleges the federal statute of limitations should have been equitably tolled. *Id.* at 7-9. Petitioner did not make these arguments in his Petition or raise them in response to Respondent's Motion to Dismiss. *See generally*, ECF Nos. 1, 15.

Regarding Petitioner's first and second arguments, Petitioner appears to assert in both instances that he is entitled to statutory tolling of the AEDPA limitations period. Petitioner is correct that the AEDPA statute of limitation does not continue to run for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, as the Report and Recommendation aptly notes, Petitioners state habeas petition is a different *claim* from that which Petitioner asserted in his federal Petition. *See* ECF No. 18 at 6-7. Petitioner's state habeas

---

[1] Petitioner states in his objection that he became aware of the alleged miscalculation at his annual review hearing, a date prior to January 28, 2019. ECF No. 19 at 7. However, Petitioner does not state what day his annual review hearing occurred and seems to accept the date identified by the Report and Recommendation of January 28, 2016
[2] The date the statute of limitations began to run.
[3] The date Petitioner filed his federal habeas petition.

2

petition alleged a violation of the Virginia Code and the instant Petition alleges a violation of Petitioner's Fourteenth Amendment due process rights. *See id.* Thus, because Petitioner's claims are different, Petitioner's state habeas petition was not "with respect to the pertinent judgment or claim [that] is pending." 28 U.S.C. § 2244(d)(2). Therefore, Petitioner's state habeas petition did not toll the limitations period, giving Petitioner until January 28, 2017,[4] to file a federal habeas petition under AEDPA. Because Petitioner did not file his Petition until October 30, 2017, his Petition was untimely by 275 days.

Regarding Petitioner's third argument, Petitioner again is correct that equitable tolling may be available to save an untimely federal petition if a petitioner can demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000); *see* ECF No. 19 at 6. However, Petitioner is mistaken that equitable tolling is applicable to save his current Petition. As Petitioner's objection to the Report and Recommendation observes, the petitioner "'bears the burden of demonstrating he is entitled to equitable tolling.'" ECF No. 19 at 6 (quoting *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) and citing *Yang v. Archuleta*, 525 F.3d 925, 928 (11th Cir. 2008). In the Fourth Circuit this means "the petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid v. Clarke*, No. 1:18CV262, 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). "In addition, the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a

---

[4] One year from the January 28, 2016, the date that the limitations period began to run.

3

demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). By the filing of his state habeas petition, Petitioner has demonstrated that he has pursued his rights diligently and that no extraordinary circumstance has stood in his way. However, Petitioner has merely failed to diligently pursue *all* of his potentially-available rights—including his due process rights under the Fourteenth Amendment—in his state habeas petition, to the detriment of his instant Petition. Petitioner has put forth no factual support for his failure to assert his Fourteenth Amendment due process claim in his state habeas petition nor has he offered any evidence to support that this failure is entitled to equitable tolling under the two factors set out above. Therefore, Petitioner has not adequately demonstrated he is entitled to equitable tolling of the AEDPA limitations period.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation. It is, therefore, ORDERED that Respondent's Motion to Dismiss, ECF No. 10, is GRANTED, and the petition for writ of habeas corpus, ECF No. 1, is DENIED and DISMISSED as barred by the federal statute of limitations. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this

Final Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

Raymond A. Jackson
United States District Judge
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 6, 2019